FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 17  AM 11: 52

CLERK
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

DENNIS B. JENNINGS,               )
                                  )
    Petitioner,               )
                                  )
v.                                )     CV 106-031
                                  )
TYDUS MEADOWS, Warden,            )
                                  )
    Respondent.               )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

According to Petitioner, pursuant to a guilty plea, the Superior Court of Richmond

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

County, Georgia, convicted him of theft by taking, aggravated assault upon a police officer, and interference with government property on March 20, 1998. (Doc. no. 1, pp. 2-3). Petitioner provides that he did not file a direct appeal, but that he filed a petition for writ of habeas corpus in the Superior Court of Mitchell County, Georgia, which was denied on June 11, 2004. (Id. at 3-4). Petitioner does not allege that he filed an application for a certificate of probable cause to appeal the denial of his state habeas petition or that he took any further action regarding his conviction in state court.

Petitioner then filed with the Court the instant undated federal petition for writ of habeas corpus on March 9, 2006. (See id. at 8). Petitioner seeks leave to proceed *in forma pauperis* in a motion dated February 20, 2006. (Doc. no. 2, p. 2). In the instant petition, Petitioner argues that his plea was not entered knowingly and voluntarily, that he received ineffective assistance of counsel, and that his sentence was excessive. (Doc. no. 1, p. 6). The Court resolves the matter as follows.

## II. DISCUSSION

A.    **Section 2254 Petitions are Governed by a One-Year Statute of Limitations.**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**1.      Finality of Petitioner's Conviction**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, because Petitioner did not file an appeal, his conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or about April 19, 1998. It is at this point that Petitioner's one-year statute of limitations began to run. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, the key issue is whether Petitioner filed his current federal petition within one year of April 19, 1998. He did not.

3

2.    **Application of the Statute of Limitations**

Of course, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, even assuming that Petitioner's state habeas petition was pending from 1998 until it was denied in June 2004, the instant petition is still clearly untimely, absent some other basis for tolling the statutory period or delaying the start of Petitioner's AEDPA clock. Petitioner did not file the instant petition until 2006, more than a year after his state habeas petition was denied.

The Court is aware that the fact that the instant federal petition is undated renders the exact date of filing uncertain. See Houston v. Lack, 487 U.S. 266, 275-76 (1988)(*pro se* prisoner's petition deemed filed on date of delivery to prison officials for mailing). In the Eleventh Circuit, the district court is to construe the date of Petitioner's signature as the date of delivery to prison officials for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (applying "mailbox rule" to motion to vacate filed pursuant to 28 U.S.C. § 2255). Here, the fact that Petitioner's motion to proceed *in forma pauperis*, is dated February 20, 2006 lends itself to the inference that the petition itself was delivered to prison officials for mailing on the same date. Regardless, the exact date of filing is of little moment. Again, even assuming that Petitioner's AEDPA clock was not running between April 1998 and June 2004, Petitioner did not file his petition until 2006--well after the period of limitations had expired.

The AEDPA does outline three situations which may delay or reset the one-year

4

statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(D)(quoted *supra*). However, Petitioner has not provided the Court with any reason to suppose that any of these situations exists in this case.

Finally, even though the dates of Petitioner's conviction and state collateral relief proceedings establish that the current federal petition is untimely, the Court is aware that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 544 U.S. 295 (2005). Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003).

Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that

there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[2]

**B.    The Instant Petition is Time-Barred.**

Simply put, by the time Petitioner sought federal habeas relief, the statutory period of limitations had run. Petitioner has outlined no basis upon which to conclude either that his AEDPA clock began to run on some date other than that upon which his conviction became final, or that the statutory period should be tolled. In sum, the instant petition is untimely and should be dismissed.[3]

### III.  CONCLUSION

For the reasons set forth above, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).

[3]It should also be noted that, because Petitioner did not file an application for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court, he failed to exhaust state remedies, and the instant federal petition is thus subject to dismissal on that basis, as well. See Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004)