IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 APR 21 PM 4: 33
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| DENNIS B. JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-031 |
| | ) | |
| TYDUS MEADOWS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, Petitioner's motion to proceed *in forma pauperis* is **DENIED**, this case is **DISMISSED**, and this civil action is **CLOSED**.

The Magistrate Judge concluded that the instant petition, brought pursuant to 28 U.S.C. § 2254, is barred by the applicable one-year statute of limitations. (See doc. no. 3). The Magistrate Judge noted that, in his petition, "Petitioner does not allege that he filed an application for a certificate of probable cause to appeal the denial of his state habeas petition or that he took any further action regarding his conviction in state court." (Id. at 2). In his objections, Petitioner now offers that he did file an application for a certificate of probable cause to appeal, which the Georgia Supreme Court denied on January 30, 2006. (Doc. no. 5, p. 2). Assuming this averment is true, it is nevertheless immaterial. Petitioner was

convicted of theft by taking, aggravated assault upon a police officer, and interference with government property on March 20, 1998. (Doc. no. 1, pp. 2-3). He did not appeal the convictions. (Id. at 2). Rather, Petitioner took no action in state court before filing a state habeas petition in the Superior Court of Mitchell County, Georgia, "#04-V-256," which Plaintiff avers was denied on June 11, 2004. (Id. at 3-4). This information provided by Petitioner, including the case number assigned to the state petition, shows that he did not seek post-conviction relief in state court until 2004. By that time, the one-year statute of limitations had already expired. See 28 U.S.C. § 2244(d); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.")(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). As a result, the instant petition, brought in 2006, is clearly time-barred and must be dismissed.

Accordingly, Petitioner's motion to proceed *in forma pauperis* is **DENIED**, this case is **DISMISSED**, and this civil action is **CLOSED**

SO ORDERED this ___ day of April, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE